BERNARDO VILLEGAS, Plaintiff and Appellant, *v.* HEIRS OF HARRY A. McCORMICK, Defendants and Appellees; BERNARDO VILLEGAS, Plaintiff and Appellant, *v.* HEIRS OF HARRY A. McCORMICK, Defendants and Appellees.

Nos. 5261 and 5279.   Argued April 7, 1930.—Decided April 30, 1930.

*M. A. Martínez Dávila* and *Bolívar Pagán,* for appellant. *R. H. Blondet* and *Luis Campillo,* for several defendants in case No. 5261.   *Carlos J. Torres* and *H. Torres Solá,* for defendant Dolores Alcaide in case No. 5279.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appellees herein have filed motions to dismiss the appeals.   The motions were set for hearing and heard on the 7th of April instant, and the hearing was attended by counsel for the respective parties who argued the case.   As a single suit is involved and the motions are closely related, we will consider them together.

It appears from the record in case No. 5261 that on February 8, 1928, Bernardo Villegas brought an action of filiation against the heirs of Harry C. McCormick seeking to be declared an acknowledged natural son of Harry A. McCormick.   It seems that the only person summoned was the widow, Mrs. Dolores Alcaide de McCormick, who filed an answer opposing the action.

At that stage of the matter, an amended complaint was filed on April 25, 1929, including therein as parties defendant all the heirs of McCormick, who were named.

On the 30th of that month, the widow applied to the court for an order decreeing:

"1.—That the amended complaint of April 25, 1929, filed herein is irregular, it having been filed without leave of court.

"2.—That as the hearing of the case has been set for today, in view of the record and the will and testament incorporated therein, it is ordered and decreed that in accordance with section 127 of the Civil Code, as amended by the Act of March 9, 1911, any right of action which the plaintiff may have had against the Heirs of deceased Harry A. McCormick has become extinguished for failure to exercise the action within one year against the true testamentary heirs."

On the 1st of the following May, the plaintiff applied to the court for leave to file an amended complaint, and the court granted his application.

The amended complaint was accordingly filed, and the widow demurred thereto. The other defendants, heirs of McCormick, also demurred thereto for lack of sufficient facts to constitute a cause of action in that at the time they were summoned in the action the right of the plaintiff to sue for a decree of acknowledgment of his status as a natural child had lapsed.

In deciding the demurrer interposed by the heirs, the court entered the following judgment on January 8, 1930:

"For the reasons set forth in the ruling of this date incorporated into the record and made a part of this judgment;

"The court adjudges ,and decrees that the action herein, as to those defendants who have entered their appearance, to wit, Adela McCormick de Watson, appearing in her own right, and her husband James W. Watson, in behalf of his minor children Adela, Edith and William Wilford Watson McCormick (and other heirs named), is barred, and therefore the court dismisses the amended complaint as to them, without special pronouncement of costs."

Thereupon the plaintiff appealed from that judgment and served notice of his appeal on the clerk and on the counsel for the heirs, but not on the attorney representing the widow. Because of the failure to so notify the widow, a dismissal of the appeal is demanded.

From the record of the other appeal (No. 5279) it appears that on February 14, 1930, the district court rendered another judgment in the same suit brought by Villegas against the heirs of McCormick, dismissing the action; and that the plaintiff appealed from such a judgment and notified his appeal to the widow, but not to the heirs. A dismissal of that appeal is sought because of the failure to notify the heirs.

Should the widow have been given notice of the first appeal? The answer must be in the affirmative. The plaintiff himself considered her as the real party in interest in the action, when he made her the only defendant in the original complaint, and although in the judgment appealed from the action was held to have prescribed only as to the other heirs, that judgment affects the widow to such an extent that we have already seen how, relying thereon, she succeeded in securing the dismissal of the whole case. If the judgment in question were reversed on appeal, the said dismissal would fall with it.

The interest of the heirs in the second appeal also appears to be clear. The plaintiff himself made them parties to his action against them and the widow in his amended complaint. The second judgment confirms and broadens the first. If reversed on appeal, the action could be continued against the widow, and the plaintiff would secure a judicial declaration acknowledging him, which would entitle him at least to use the parent's surname and would serve him as a ground for claiming, whether with or without success, a share in the inheritance. A legal situation would arise that might involve in litigation the heirs notwithstanding the first judgment.

As to the claim that in view of the close connection between the two appeals, what is lacking in the first might be supplied by what is found in the second and what is lacking in the second might be supplied by what is found in the first, this would be accepted by us, if it were possible, for the sake of a determination of the case on the merits;

but such a thing is not permissible under the law or the practice. Two judgments are involved. The appeals were filed separately and they are separately governed by the statute, which requires in each case the giving of notice of the appeal to parties in interest.

That being so, the only decision that can be rendered in accordance with the law and the various decisions of this court is to sustain both motions.